UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IRWIN GOLDMAN,

    Plaintiff,

-against-

ADAM HUETER; TRUMP VILLAGE
SEC IV INC; CAMBRIDGE SECURITY CO.,

    Defendants.
----------------------------------------------------------x

FILED DOCKET & FILE
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ NOV 17 2005 ★
TIME A.M.____
P.M.____

MEMORANDUM & ORDER
05-CV-4786 (SLT)

TOWNES, United States District Court.

  Plaintiff, Irwin Goldman, filed this *pro se* action on September 26, 2005. Plaintiff has paid the requisite filing fee to bring this action. The complaint is dismissed for the reasons discussed below.

## Background

  Plaintiff files this action in connection with a "[b]otched up robbery turned self-defense," which occurred in the lobby of his apartment building on July 1, 2005. Compl. at p. 2. Plaintiff's complaint states

> I tried running from my Assailant into the Elevator. He ran after me from the playground. I tried to defend my position without success. After sustaining Ten (10) Mike Tyson Iron Punches to the Head, I raised from the ground, a shard of glass, and Jabbed my Assailant in the Neck, for Self Defense !!!

Compl. at p. 3. Plaintiff argues that "[h]ad Security Closed the Co-op Playground at 10:00 P.M. so that things like these don't happen, Maybe this would not have happened." Compl. at p. 2. Plaintiff also states that he was charged with a felony, which was dismissed on August 8, 2005, "on the condition that [plaintiff] will be sent for observation in a mental institution." Compl. at p. 6.

1

## Discussion

In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See, e.g., Rene v. Citibank NA, 32 F. Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of federal district courts is limited and set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§1331) or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00 (§1332). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" United Food & Commercial Workers Union, Local 919, AFL-CIO v. Center Mark Properties Meriden Square, Inc., 30 F.3d 298, 301(2d Cir. 1994)(quoting Manway Constr. Co. v. Housing Authority of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking, . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3).

Here, plaintiff's claim pertains to a private dispute that turned violent and does not present a federal question. Diversity jurisdiction is also lacking in this case. See 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (a district court may only exercise original jurisdiction over cases "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). As such, this Court lacks subject matter jurisdiction over this matter.

## Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 31, 2005

SANDRA L. TOWNES
United States District Judge